UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JACQUELINE HALL,
on behalf of herself and
all others similarly situated,                          Case No. 20-cv-605

                    Plaintiff,              **COLLECTIVE AND CLASS**
        v.                                  **ACTION PURSUANT TO**
                                            **29 U.S.C. §216(b) AND**
L.A. WIRELESS LLC                           **AND FED. R. CIV. P. 23**
1957 Douglas Avenue
Racine, Wisconsin 53402                     **JURY TRIAL DEMANDED**

        and

ADHAM AWADALLA
1957 Douglas Avenue
Racine, Wisconsin 53402

                    Defendants

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Jacqueline Hall, against Defendants, L.A. Wireless LLC and Adham

Awadalla.

2.      Plaintiff bring these FLSA and WWPCL claims and causes of action against

Defendants on behalf of herself and all other similarly-situated current and former Retail Sales

Associate employees of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3. Defendants operated (and continues to operate) an unlawful compensation system that deprived current and former Retail Sales Associate employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendants' unlawful compensation system failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all Retail Sales Associate employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

4. Defendants' deliberate failure to compensate its hourly-paid, non-exempt employees for hours worked at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business and have substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

8.     Plaintiff, Jacqueline Hall, is an adult female resident of the State of Wisconsin with a post office address of 1608 23rd Street, Two Rivers, Wisconsin 54241.

9.     Defendant, L.A. Wireless LLC, was, at all material times herein, a Wisconsin entity with a principal address of 1957 Douglas Avenue, Racine, Wisconsin 53402.

10.     Defendant L.A. Wireless is a "Boost Mobile" cell phone retailer.

11.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant L.A. Wireless owned, operated, and managed numerous physical locations – or "stores" – in multiple States, including but not limited to in the State of Wisconsin.

12.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as a Retail Sales Associate employee in the State of Wisconsin at Defendants' Manitowoc, Wisconsin and Two Rivers, Wisconsin stores.

13.     Defendant, Adham Awadalla, was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of 1957 Douglas Avenue, Racine, Wisconsin 53402.

14.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Awadalla owned, operated, and managed Defendant L.A. Wireless.

15.     During the relevant time periods as stated herein, Defendant L.A. Wireless was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

16.     During the relevant time periods as stated herein, Defendant L.A. Wireless employed more than two (2) employees.

17.     During the relevant time periods as stated herein, Defendant L.A. Wireless' annual dollar volume of sales or business exceeded $500,000.

18.     For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

19.     For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

20.     During the relevant time periods as stated herein, Defendant Awadalla was an "employer" as that term is defined under the FLSA and/or the WWPCL.

21.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

22.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

23.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former Retail Sales Associate employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other Retail Sales Associate employees were subjected to Defendants' same unlawful policies as enumerated herein and performed similar job duties with employed by Defendants.

24.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former Retail Sales Associate employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendants'

behalf, at Defendants' direction, for Defendants' benefit, and/or with Defendants' knowledge at stores that were owned, operated, and managed by Defendants.

25.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiff's and all other Retail Sales Associate employees' day-to-day activities.

26.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and suspended Plaintiff and all other Retail Sales Associate employees.

27.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other Retail Sales Associate employees.

28.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's and all other Retail Sales Associate employees' work schedules and provided Plaintiff and all other Retail Sales Associate employees with work assignments and hours of work.

29.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other Retail Sales Associate employees abided in the workplace.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other Retail Sales Associate employees' employment-related questions, benefits-related questions, and workplace issues.

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Retail Sales Associate employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, commissions, incentives, and/or other rewards and payments.

## **GENERAL ALLEGATIONS**

32.     On or about March 20, 2020, Defendants hired Plaintiff as a Retail Sales Associate employee.

33.     During Plaintiff's employment with Defendants, Plaintiff performed compensable work in the position of Retail Sales Associate on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at the Manitowoc, Wisconsin and Two Rivers, Wisconsin stores.

34.     On or about April 11, 2020, Plaintiff's employment with Defendants ended.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees performed compensable work inside of Defendants' stores selling "Boost Mobile" products and services and servicing Defendants' customers.

36.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Retail Sales Associate's primary job duty was sales.

37.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Retail Sales Associate's primary job duty was to perform or generate sales of "Boost Mobile" products inside of Defendants' stores.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees primarily performed "non-exempt" job duties each workweek while employed by Defendants.

39.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other Retail Sales Associate employees.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other Retail Sales Associate employees for all remuneration earned.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked, recorded, and maintained Plaintiff's and all other Retail Sales Associate employees' actual hours worked each work day and/or each workweek.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former Retail Sales Associate employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of failing to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all Retail Sales Associate employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees frequently worked in excess of forty (40) hours per workweek.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants had knowledge and/or were aware that Plaintiff and all other Retail Sales Associate employees frequently worked in excess of forty (40) hours per workweek.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established workweek for FLSA and WWPCL purposes was Saturday through Friday.

46.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Retail Sales Associate employees on an hourly basis and/or with an hourly rate of pay for all hours worked each workweek.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Retail Sales Associate employees on a weekly basis via check.

48.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other Retail Sales Associate employees with, in addition to their hourly rate(s) of pay, sales-based, commission-based, and/or production-based compensation on a monthly basis.

49.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the sales-based, commission-based, and/or production-based compensation with which Defendants compensated Plaintiff and all other Retail Sales Associate employees was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other Retail Sales Associate employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the sales-based, commission-based, and/or production-based compensation that Defendants paid to Plaintiff and all other Retail Sales Associate employees did not exceed at least half of said employees' total earnings in a representative period.

51.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not compensate Plaintiff and all other Retail Sales Associate employees at an hourly rate of pay of at least $10.88 per hour for every hour worked in a workweek in which overtime hours were worked.

52.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not establish a "representative period," as that phrase is used in the FLSA and WWPCL, relating to the sales-based, commission-based, and/or production-based compensation remunerated to Plaintiff and all other Retail Sales Associate employees.

53.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees performed their job duties at the direction of Defendants: they were given specific instructions as to how to perform their job duties and/or they performed their job duties within the prescribed procedures and/or limits established by Defendants.

54.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees did not customarily and regularly direct the work of at least two of Defendants' employees.

55.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), no employees of Defendants reported directly to Plaintiff or any other Retail Sales Associate employees.

56.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees did not have the authority or ability to hire, terminate, suspend, demote, or promote Defendants' employees or to establish the terms and conditions of employment of Defendants' employees.

57.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees did not customarily and regularly exercise discretion or independent judgment in the performance of their job duties.

58.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees did not, in the performance of their job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

59.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees did not, in the performance of their job duties, have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendants' established policies and/or procedures without Defendants' prior approval.

60.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Retail Sales Associate employees' job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

61. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Retail Sales Associate employees' job duties did not require them to perform specialized or technical work and did not require them to have special training, experience, and/or knowledge.

62. During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other Retail Sales Associate employees were not highly compensated or highly commissioned employees.

63. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Retail Sales Associate employees employed by Defendants were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

64. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful pay practices as described herein resulted in Plaintiff and all other Retail Sales Associate employees being deprived of overtime pay at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

65. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other Retail Sales Associate employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

66.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former Retail Sales Associate employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as result of Defendants' failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

67.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

68.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to compensate Plaintiff and the FLSA Collective with overtime pay for all hours worked in excess of forty (40) in a workweek.

69.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rates of pay for overtime calculation and compensation purposes during workweeks when Plaintiff and the FLSA Collective worked more than forty (40) hours during the representative time period.

70.     Defendants' deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

71.     Defendants' unlawful pay practices as described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

72.     Defendants were or should have been aware that their unlawful pay practices as described in the aforementioned paragraphs failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

73.     Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

74.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

75.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendants' practices of failing to compensate Plaintiff and the FLSA Collective with overtime pay for all hours worked in excess of forty (40) in a

workweek and failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes.

76.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

77.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

78.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All current and former Retail Sales Associate employees employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as result of Defendants' failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

79.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

80.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

81.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

82.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

84.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

85.     Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

86.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (a) Whether the Wisconsin Class primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek; (b) Whether Defendants maintained an unlawful compensation system that failed to include forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

87.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime
### (Plaintiff on behalf of herself and the FLSA Collective)

88.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

89.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

90.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

91.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

92.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

93.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek at the proper and correct overtime rate of pay by failing to include all forms of non-discretionary compensation in Plaintiff's and the FLSA Collective's regular rates of pay for overtime calculation purposes.

94.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

95.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective with overtime pay willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

96.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

97. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

98. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Overtime**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

99. Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

100. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

101. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

102. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

103.    Defendants violated the WWPCL by failing to account for and compensate Plaintiff and the Wisconsin Class for overtime premium pay for each hour worked in excess of forty (40) hours each workweek at the proper and correct overtime rate of pay by failing to include all forms of non-discretionary compensation in Plaintiff's and the Wisconsin Class' regular rates of pay for overtime calculation purposes.

104.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

105.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin's Wage Payment and Collection Laws.

106.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

107.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated Retail Sales Associate employees employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Retail Sales Associate employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated Retail Sales Associate employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated Retail Sales Associate employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated Retail Sales Associate employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 14th day of April, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com